IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMAL HART,                          :
                                     :
    Petitioner,                      :
                                     :
    vs.                              :  CIVIL ACTION NO. 3:06-2468
                                     :  (JUDGE KOSIK)
RONALD HOLTS,                        :
                                     :
    Respondent.                      :

## MEMORANDUM

Before the court is Jamal Hart's ("Petitioner") "Motion Of Objecting To Magistrate Report And Recommendation" (Doc. 17).  We will construe the filing as objections to the January 23, 2007, Report and Recommendation (Doc. 13) of Magistrate Judge Thomas M. Blewitt.  Also before this court is Petitioner's "Motion In Letter Form Pursuant To The All Writs Act Under 28 U.S.C. § 1651." (Doc. 15).  For the reasons that follow, we will overrule Petitioner's objections, adopt the Report and Recommendation of the Magistrate Judge, deny Petitioner's "Motion In Letter Form Pursuant To The All Writs Act Under 28 U.S.C. § 1651" as moot, dismiss the petition for writ of habeas corpus, and close this case.

## I. BACKGROUND

Jamal Hart was convicted of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g), in the United States District Court for the Eastern District of Pennsylvania on October 17, 1997.  On February 18, 1998, Petitioner was sentenced to 188 months imprisonment.  Petitioner claims that his sentence was enhanced due to his status as a career offender under 18 U.S.C. § 924(e).  Petitioner

states that the Third Circuit affirmed his conviction on direct appeal on February 19, 1999. (Doc. 1, Motion at 2). Petitioner filed an initial application for writ of habeas corpus under 28 U.S.C. § 2255 in the Eastern District. (Doc. 1, Motion at 3). According to Petitioner, he alleged prosecutorial misconduct and ineffective assistance of counsel in the initial petition. Petitioner reports that his initial habeas petition was denied on February 25, 2002. (Doc. 1, Motion at 3). He claims that he appealed the Eastern District's denial of his § 2255 petition. (Doc. 1, Motion at 4).

Petitioner did not file a request to file a second or successive § 2255 motion with the Third Circuit. Rather, he filed the instant habeas petition pursuant to 28 U.S.C. § 2241. In this habeas petition, Petitioner claims that a 1995 conviction in state court for assault never occurred. That conviction was one of three that led to an enhanced sentence on the federal firearms conviction of not less than fifteen years. Accordingly, Petitioner's current § 2241 action challenges the sentence imposed by the Eastern District.

Magistrate Judge Thomas M. Blewitt filed a Report and Recommendation on January 23, 2007. (Doc. 13). Magistrate Judge Blewitt recommended that we dismiss Petitioner's § 2241 motion for lack of jurisdiction. Specifically, the Magistrate Judge determined that any habeas challenge to a sentence enhancement must be pursued under 28 U.S.C. § 2255. In this instance, that would also require Petitioner to file a motion with the Third Circuit to seek permission to file a second § 2255 petition.

Petitioner's objections restate his assertion that the 1995 assault conviction in state court never occurred. He also argues that § 2241 relief is ". . . always available to address a claim of actual or legal innocence, or to correct a miscarriage of Justice [sic]." (Objections, Doc. 17 at 2). Petitioner further contends that he ". . . cannot get complete

2

relief in a 2255 motion because the issues presented for adjudication involve facts of a '**non-existing charge that involve a Constitutional violation**, in which **'prison officials'** founded this **actual innocents** [sic] **violation after the imposition of sentence,** causing a restraint contrary to the federal Habeas Corpus to the extent, petitioner challenge [sic] or the duration of his confinement, the district court should construe complaint as a petition for habeas corpus under 28 U.S.C. § 2241." (Objections, Doc. 17 at 3-4, emphasis in original). The defendants did not file a response.

## II. STANDARD OF REVIEW

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## III. DISCUSSION

In the Report and Recommendation, Magistrate Judge Blewitt cited to the Third Circuit opinion of *Littles v. U.S.*, 142 Fed. Appx. 103 (3d. Cir. 2005), for the rule that a district court has no jurisdiction to reach the merits of a habeas petition filed pursuant

3

to § 2241 that asserts a challenge to the sentence imposed unless the petitioner has shown that a § 2255 motion would be inadequate or ineffective. Magistrate Judge Blewitt is correct in his reading of *Littles*. Like the instant Petitioner, Littles filed a § 2241 petition alleging that a prior state conviction should not have been used to support his status as a career offender. Littles' career offender status subjected him to a longer mandatory minimum sentence on his federal conviction. *Littles*, 142 Fed. Appx. at 104. Littles had previously filed an unsuccessful § 2255 petition. *Id.* at 103.

Upon review of the § 2241 petition, the district court held that Littles could not seek relief under § 2241, because a § 2255 motion would not have been inadequate or ineffective. After holding that it lacked jurisdiction to review the matter, the court nonetheless reached the merits of Littles' claims and denied the petition. *Littles*, 142 Fed. Appx. at 104. The Third Circuit agreed with the district court in part, holding that "[t]he District Court properly concluded that Littles may not bring his petition under 28 U.S.C. § 2241, because he cannot show that a motion to challenge his sentence pursuant to 28 U.S.C. § 2255 would be 'inadequate or ineffective.'" *Id.* The Third Circuit nonetheless vacated the district court's order, finding that the court erred in reaching the merits of Littles' petition. *Id.*

The matter before us is indistinguishable from *Littles*. Petitioner improperly filed a § 2241 motion challenging the sentence imposed by the Eastern District. Petitioner cannot show that a § 2255 motion would be inadequate or ineffective to challenge his status as a career offender under 18 U.S.C. § 924(e). *See Littles*, 142 Fed. Appx. at 104 (holding petitioner "may not bring his petition under 28 U.S.C. § 2241, because he

4

cannot show that a motion to challenge his sentence pursuant to 28 U.S.C. § 2255 would be 'inadequate or ineffective'"). Accordingly, we lack jurisdiction to hear the instant § 2241 petition. *See Littles*, 142 Fed. Appx. at 104; *see also*, *Cox v. Warden, Federal Detention Center,* 911 F.2d 1111, 1113 -1114 (5th Cir. 1990) (holding district court's dismissal of § 2241 motion proper where petition concerned alleged errors that occurred at sentencing).

## IV. CONCLUSION

This court lacks jurisdiction to hear Petitioner's 28 U.S.C. § 2241 motion challenging the imposition of sentence by the Eastern District. Petitioner's claims must be pursued via a § 2255 motion filed in the sentencing court after seeking leave to file a second or successive petition from the Third Circuit. We will overrule Petitioner's objections, adopt Magistrate Judge Blewitt's Report and Recommendation, deny as moot Petitioner's "Motion In Letter Form Pursuant To The All Writs Act Under 28 U.S.C. § 1651," dismiss the petition for writ of habeas corpus, and close this case.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAL HART, | : |
| Petitioner, | : |
| vs. | : CIVIL ACTION NO. 3:06-2468 |
| | : (JUDGE KOSIK) |
| RONALD HOLTS, | : |
| Respondent. | : |

## **ORDER**

AND NOW, this 26th day of FEBRUARY 2007, IT IS HEREBY ORDERED THAT:

[1] the petitioner's objections (Doc. 17) to the Report and Recommendation are **OVERRULED**;

[2] the Report and Recommendation of Magistrate Judge Thomas M. Blewitt dated January 23, 2007, (Doc. 13) is **ADOPTED**;

[3] the petitioner's "Motion In Letter Form Pursuant To The All Writs Act Under 28 U.S.C. § 1651," (Doc. 15) is **DENIED** as moot;

[4] the petition for writ of habeas corpus (Doc. 1) is **DISMISSED**; and,

[5] the Clerk of Court is directed to close this case and forward a copy of this Memorandum and Order to United States Magistrate Judge Thomas M. Blewitt.

                                                  s/Edwin M. Kosik
                                                  United States District Judge